IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-233-FL

| | |
|---|---|
| HENRY JOHNSON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER AND MEMORANDUM** |
| v. | ) **AND RECOMMENDATION** |
| | ) |
| UNITED STEELWORKERS OF | ) |
| AMERICA LOCAL 1481, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of Plaintiff Henry William Johnson's *pro se* application to proceed *in forma pauperis* and his complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS that the complaint be DISMISSED WITHOUT PREJUDICE.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a North Carolina resident, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") for alleged employment discrimination against Defendant United Steelworkers, Local 1481 ("Defendant" or "Union"). Compl. ¶ 2. According to the complaint, Plaintiff was employed by the union from November 1973 until December 2008 when he was laid off from his employment.[1] Compl. ¶ 5. Plaintiff alleges that

---

[1] In his *in forma pauperis* application, however, Plaintiff states that he was employed by Georgia Pacific from November 1973 until November 2008. App. to Proceed in Dist. Ct. Without Prepaying Fees or Costs ¶2 [DE-1].

the union and its President, Michael Lewis, discriminated against him on the basis of his national origin in failing to negotiate severance benefits for eligible employees. Compl. ¶¶ 4, 6. Plaintiff alleges further that the union, Michael Lewis, and Georgia Pacific discriminated against Plaintiff in violation of a labor agreement to provide equal employment opportunity to all persons regardless of national origin. Compl. ¶¶ 7, 9. The alleged discrimination took place at Georgia Pacific from November 2008 to the present. Compl. ¶¶ 8, 10.

Plaintiff's *pro se* complaint is a form containing typewritten blanket allegations in a "fill in the blank" format, whereby Plaintiff must provide specific information substantiating the typewritten allegations. The typewritten allegation in paragraph 11 of the complaint indicates Plaintiff has filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's alleged discriminatory conduct. Compl. ¶ 11. The form provides a blank space for Plaintiff to indicate the date on which he filed EEOC charges. In response, Plaintiff has written the word "None." *Id.* Plaintiff alleges further through the typewritten allegations provided in the complaint that a copy of the Notice of Right to Sue letter issued by the EEOC is attached to the complaint. *Id.* However, no right-to-sue letter was attached to the complaint nor was any such letter included with documents Plaintiff filed with the court. The form complaint also provides space for Plaintiff to indicate the date on which he received the right-to-sue letter from the EEOC. *Id.* This space has been left blank. *Id.*

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from

2

a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32. As part of its review, a court may consider whether it has subject matter jurisdiction of the case. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09-CV-551-D, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28

U.S.C. § 1915) (citations omitted); *Spencer v. Williams*, No. 4:04-CV-43-FL, 2009 WL 1844299, at *2 (E.D.N.C. Jun. 16, 2009).

### III. ANALYSIS

In this case, the court does not reach the merits of Plaintiff's claims because by failing to include a right-to-sue letter with the complaint, Plaintiff has failed to comply with the jurisdictional prerequisites pursuant to Title VII. "A federal discrimination claim brought by a private party *cannot* be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim. Further, . . . the EEOC [must] decide whether the agency will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, which letter is essential to initiation of a private Title VII suit in federal court." *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137-138 (4th Cir. 1995) (citing 42 U.S.C. §§ 2000e-5(b), 5(f)(1)); *see Forrest v. Transit Mgmt.*, 93 Fed. Appx. 577 (4th Cir. 2004) (explaining "absent [the EEOC's] determination [as to the merits of the claim and its issuance of a right-to-sue notice], the district court lacks subject matter jurisdiction over the claim"); *Spencer*, 2009 WL 1844299, at *3 (dismissal without prejudice for lack of subject matter jurisdiction where plaintiff indicated in form complaint that he had filed an EEOC charge but failed to include right to sue letter with complaint); *Shaver v. Davie County Pub. Sch.*, No. 1:07-CV-176, 2008 WL 943035, at *2 (M.D.N.C. Apr. 7, 2008) (dismissing claims with prejudice for lack of subject matter jurisdiction where *pro se* plaintiff conceded he failed to file EEOC charge prior to commencement of federal lawsuit) (citations omitted).

Here, it is unclear from Plaintiff's typewritten blanket allegation and his response of "none" whether Plaintiff has in fact filed an EEOC charge. Indeed, Plaintiff's response is not an

4

unequivocal concession that he has failed to file a charge, as was the case in *Shaver*, resulting in a dismissal with prejudice. *See* 2008 WL 943035, at *2. It is clear however, that no right-to-sue letter conferring federal jurisdiction was attached to the form complaint. *See Davis*, 48 F.3d at 138 (finding that the district court lacks subject matter jurisdiction until "the EEOC has investigated the claim, made a determination as to the claims merit and issued a right-to-sue notice"). Under these circumstances, this court finds that dismissal of Plaintiff's complaint without prejudice is the proper course so that he may attempt to cure the jurisdictional defects addressed by the court. *See Spencer*, No. 4:09-CV-43-FL, 2009 WL 1844299, at *3; *McDaniel v. Greyhound Lines, Inc.*, 2008 WL 2704774, at *5 n.3 (W.D.N.C. Jul. 7, 2008) (dismissing *pro se* plaintiff's Title VII claims without prejudice for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies by naming all defendants in EEOC charge); *see also Wheeler v. Holtzman*, 1993 WL 300024, at *1 (S.D.N.Y. Aug. 2, 1993) (dismissing with leave to amend plaintiff's Title VII and ADA claims where plaintiff failed to allege that he received a right-to-sue letter from the EEOC or provide documentation indicating the existence of such a letter).

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED WITHOUT PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a

de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 6th day of December, 2010.

Robert B. Jones, Jr.
United States Magistrate Judge